Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
**BLAKELY LAW GROUP**
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

**Attorneys for Plaintiff
Deckers Outdoor Corporation**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ASOS.COM LIMITED, a United Kingdom Private Limited Company; ASOS US, INC., a Delaware Corporation; RIVER ISLAND CLOTHING CO. LIMITED, a United Kingdom Private Limited Company; RIVER ISLAND HOLDINGS LIMITED, a United Kingdom Private Limited Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-02871<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. **TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT**<br><br>2. **TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW**<br><br>3. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200** *et seq.*<br><br>4. **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>5. **PATENT INFRINGEMENT OF U.S. PAT. NO. D866,941**<br><br><u>**JURY TRIAL DEMANDED**</u> |

**Plaintiff Deckers Outdoor Corporation** ("Deckers" or "Plaintiff") for its Complaint against **ASOS.com Limited** ("ASOS.com"), **ASOS US, Inc.** ("ASOS US") (ASOS.com and ASOS US, are collectively referred to as "ASOS Defendants"), **River Island Clothing Co. Limited** ("River Island Clothing"), **River Island Holdings**

**Limited** ("River Island Holdings") (collectively River Island Clothing and River Island Holdings are referred to as "River Island Defendants"), and DOES 1-10 (collectively "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' complicit and unlawful acts constituting trade dress infringement and unfair competition in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* and violations of statutory and common law of the state of California.

2. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3. This Court has personal jurisdiction over Defendants because Defendants conduct continuous and systematic business in this district, placed infringing products in the stream of commerce directed to residents of this district, derived commercial benefits from the sale of infringing products and caused injuries to Plaintiff within the Central District of California.

4. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district and Plaintiff is located and has been injured in this judicial district, and 28 U.S.C. § 1400(b) because Defendants committed acts of infringement in this judicial district.

## THE PARTIES

5. Plaintiff Deckers Outdoor Corporation is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located in Goleta, California. Deckers designs and markets footwear products under a number of well-known brands, including UGG® products covered by the

1  intellectual property asserted in this Complaint.

2        6.     Upon information and belief, Defendant ASOS.com Limited is a foreign
3  private limited company organized and existing under the laws of the United Kingdom,
4  with a registered office and business address at Greater London House, Hampstead
5  Road, London NW1 7FB.

6        7.     Upon information and belief, Defendant ASOS US, Inc. is a corporation
7  organized and existing under the laws of the state of Delaware, with a registered office
8  and business address at 4505 Derrick Industrial Parkway, Atlanta, GA 30349.

9        8.     Upon information and belief, Defendant River Island Clothing Co. Limited
10 is a foreign private limited company organized and existing under the laws of the United
11 Kingdom, with a registered office and business address at Chelsea House, Westgate,
12 London W5 1DR.

13       9.     Upon information and belief, Defendant River Island Holdings Limited is
14 a foreign private limited company organized and existing under the laws of the United
15 Kingdom, with a registered office and business address at Chelsea House, Westgate,
16 London W5 1DR.

17      10.    Deckers is informed and believes that, together with ASOS Defendants
18 and River Island Defendants, other individuals and entities currently named as DOES
19 1-10 may also be responsible in one manner or another for the wrongs alleged herein,
20 in that at all relevant times, each one (including ASOS Defendants and River Island
21 Defendants) was the agent and servant of the others and acting within the course and
22 scope of said agency and employment. These other individuals and entities are sued
23 under fictitious names DOES 1-10, because their true names and capacities are currently
24 unknown to Deckers.  Deckers will seek leave to amend this complaint when the true
25 names and capacities of DOES 1-10 are ascertained.

26      **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**
27    **A.**    **Deckers' UGG® Brand**
28      11.    Deckers has been engaged in the design, distribution, marketing, offering

for sale, and sale of footwear since 1975. Deckers owns and markets its footwear products under several distinctive trademarked brands, including UGG®, Koolaburra®, Teva®, Sanuk®, and Hoka®.

12. Deckers' UGG® brand is one of the most well-recognized premium comfort-leisure shoe brands in the United States. Since 1979, when the UGG® brand was founded, the popularity of UGG® footwear has steadily grown in the U.S. and around the world. UGG® footwear has been and remains highly coveted today by consumers as one of the most popular and recognizable symbols of luxury and style.

13. For example, in 2000, UGG® boots were featured on Oprah's Favorite Things® where Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." Since then, the popularity of UGG® footwear has grown exponentially, with celebrities such as Hailey Bieber, Kendall Jenner, Emily Ratajowski, and Megan Fox among a myriad of others regularly seen wearing UGG® footwear, including the UGG® Fluff Yeah Slide.

14. The world-wide recognition as a "premium" brand and the overwhelming popularity of the UGG® brand is due to Deckers' continuous commitment to quality and excellence. Today, Deckers' footwear products under the UGG® brand are widely available and sold to consumers in every state, including California, through UGG® Stores, authorized retailers on the internet and brick-and-mortar stores, as well as on the internet at www.ugg.com.

**B.     Defendants' Infringing Activities**

15. This lawsuit arises from Defendants' design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale in the U.S. of certain footwear products (the "Accused Products") that infringe upon Deckers' "Fluff Yeah Trade Dress" and U.S. Pat. Nos. D866,941 ("'941 Patent").

16. Upon information and belief, Defendants are competitors of Deckers, and Defendants introduced the Accused Products into the stream of commerce in an effort to exploit Deckers' goodwill and the reputation of the UGG® Fluff Yeah Slide, and the

'941 Patent.

17. Upon information and belief, River Island Defendants imported into the U.S., marketed, supplied, distributed, offered for sale and/or sold the Accused Products under the "River Island®" brand name through riverisland.com to consumers located within this judicial district, and to at least the ASOS Defendants, and other retailers currently unknown, including DOES 1-10.

18. Upon information and belief, ASOS Defendants imported into the U.S., marketed, distributed in interstate commerce, offered for sale, and/or sold the Accused Products identified as River Island® brand "Faux Fur Slippers" and Truffle Collection® brand "Fluffy Faux Fur Slipper" —exemplars of which is shown in the photographs below—which are marketed, advertised, offered for sale, and sold by ASOS Defendants through their websites (asos.com), including to consumers located within this judicial district.

  

**Truffle Collection® "Fluffy Faux Fur Slipper"** | **U.S. Pat. No. D866,941** | **UGG® Fluff Yeah Slide**

  

**River Island® "Faux Fur Slippers"** | **U.S. Pat. No. D866,941** | **UGG® Fluff Yeah Slide**

19. Upon information and belief, Defendants are competitors of Deckers, and

Defendants introduced the Accused Products into the stream of commerce to exploit Deckers' goodwill and the reputation of the UGG® Fluff Yeah Slide.

20. Deckers has not granted Defendants a license to practice nor given Defendants any form of permission to use Deckers' trademarks, trade dresses, or patents, including Deckers' Fluff Yeah Trade Dress and U.S. Pat. No. D866,941.

21. Upon information and belief, Defendants may have sold additional products that infringe upon Deckers' design patents and trade dresses. Deckers will seek leave to amend as additional information becomes available through discovery.

22. Upon information and belief, Defendants have acted in bad faith and Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Accused Products with Deckers, and/or the origin, sponsorship, or approval of the Accused Products by Deckers.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement - 15 U.S.C. § 1125(a))

23. Deckers incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

24. In 2018, Deckers introduced the UGG® Fluff Yeah Slide, marketed and featuring the design elements protected under the "Fluff Yeah Trade Dress." The Fluff Yeah Trade Dress is unique and inherently distinctive, and comprised of the following non-functional elements:

    a. A slipper and sandal combined into a statement shoe made famous by the UGG® brand;

    b. A platform, sling back slide;

    c. A platform sole with a furry footbed and furry perimeter sides;

    d. A wide vamp having a furry exterior;

    e. An open toe; and

    f. An elastic heel strap extending from one side of the vamp to the other.

25. The Fluff Yeah Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and unique in the footwear industry; examples of its distinctive appearance as a whole are shown in the photographs below:



26. The design of the Fluff Yeah Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the shoe. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Fluff Yeah Trade Dress. The combination of features comprising the Fluff Yeah Trade Dress provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render UGG® Fluff Yeah Slides, the embodiment of the Fluff Yeah Trade Dress, as a distinct product originating solely from Deckers.

27. UGG® Fluff Yeah Slides, the embodiment of the Fluff Yeah Trade Dress, is one of the most well-recognized and commercially successful styles of UGG® brand of footwear products, having been featured in many of Deckers' advertising and promotional materials as well as in various trade publications. UGG® Fluff Yeah Slides have received a large volume of unsolicited media attention, for example, through various celebrities seen wearing UGG® Fluff Yeah Slides and graced the pages of many popular magazines nationwide and internationally.

28. Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Fluff Yeah Trade Dress. Deckers spends millions of dollars

annually on advertising of UGG® products, including footwear embodying the Fluff Yeah Trade Dress.

29. Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' Fluff Yeah Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Indeed, Deckers has sold hundreds of millions of dollars' worth of UGG® Fluff Yeah Slides, the embodiment of the Fluff Yeah Trade Dress. Accordingly, the Fluff Yeah Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the exclusive source of footwear featuring said trade dress.

30. Upon information and belief, Defendants are competitors of Deckers and introduced Accused Products into the stream of commerce in an effort to exploit Deckers' goodwill and the reputation of the UGG® Fluff Yeah Slide.

31. The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Fluff Yeah Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of the Accused Products.

32. Defendants' use of the Fluff Yeah Trade Dress is without Deckers' permission or authorization, and in total disregard of Deckers' rights to control its intellectual property. There are numerous other shoe designs in the footwear industry, none of which necessitate copying or imitating the Fluff Yeah Trade Dress.

33. Defendants' use of the Fluff Yeah Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Accused Products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Deckers.

34. As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Deckers is entitled to recover all damages, including attorneys' fees, that it has sustained

and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts.

35. Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the harm caused by Defendants' infringement, which is ongoing. Accordingly, Deckers is entitled to injunctive relief prohibiting Defendants from continuing to infringe the Fluff Yeah Trade Dress, or any designs confusingly similar thereto.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement – California Common Law)

36. Deckers incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

37. Defendants' infringement of the Fluff Yeah Trade Dress also constitutes trade dress infringement under common law of the state of California.

38. The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Fluff Yeah Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of the Accused Products. Defendants' unauthorized use of the Fluff Yeah Trade Dress has caused and is likely to cause confusion as to the source of Accused Products among consumers.

39. As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Deckers is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendants' infringement, and all gains, profits and advantages obtained by Defendants as a result of its unlawful acts.

40. Defendants' unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of Deckers' rights. As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

41. Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the damages caused by Defendants' infringement, which is ongoing. Accordingly, Deckers is entitled to injunctive relief prohibiting Defendants from continuing to infringe the Fluff Yeah Trade Dress, or any designs confusingly similar thereto.

## THIRD CLAIM FOR RELIEF

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code, § 17200 *et. seq.*)**

42. Deckers incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

43. Defendants' misappropriation and unauthorized use of the Fluff Yeah Trade Dress to promote the Accused Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by Deckers, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*

44. Upon information and belief, Defendants' deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the Fluff Yeah Trade Dress and with the intent to misappropriate Deckers' goodwill and reputation established in the UGG® Fluff Yeah Slide.

45. As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Deckers is entitled to all available relief provided for under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*, including an accounting and disgorgement of all illicit profits that Defendants made on account of its deceptive, unfair, and fraudulent business practices. Furthermore, because Deckers has no adequate remedy at law for Defendants' ongoing unlawful conduct, Deckers is entitled to injunctive relief prohibiting Defendants from unfair competition.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition – California Common Law)**

46. Deckers incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

47. Defendants' misappropriation and unauthorized use of the Fluff Yeah Trade Dress to promote the Accused Products also constitutes unfair competition in violation of common law of the state of California.

48. Deckers has expended substantial time, resources and effort in creating and developing UGG® footwear, including the UGG® Fluff Yeah Slide, the embodiment of the Fluff Yeah Trade Dress, which consumers recognize as originating from Deckers.

49. Upon information and belief, Defendants introduced Accused Products into the stream of commerce in order to exploit Deckers' goodwill and the reputation established in the UGG® Fluff Yeah Slide for Defendants' own pecuniary gain. Defendants' unauthorized use of the Fluff Yeah Trade Dress resulted in Defendants unfairly benefitting from Deckers' goodwill and the reputation established in the UGG® Fluff Yeah Slide.

50. Upon information and belief, Defendants' unlawful acts are willful, deliberate, and intended to cause confusion among the public and taken in reckless disregard of Deckers' rights.  As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

51. As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Deckers is entitled to recover all damages, including attorneys' fees, that Deckers has sustained on account of Defendants' unfair competition, and all gains, profits and advantages obtained by Defendants as a result of its unlawful acts.  Furthermore, because Deckers has no adequate remedy at law for Defendants' ongoing unlawful conduct, Deckers is entitled to injunctive relief prohibiting Defendants from unfair competition.

**FIFTH CLAIM FOR RELIEF**

**(Patent Infringement – U.S. Pat. No. D866,941)**

52. Deckers incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

53. In order to protect its valuable brands, Deckers owns a number of patents covering various styles of footwear it markets, including the UGG® Fluff Yeah Slide described herein. These patents include U.S. Pat. No. D866,941 issued on November 19, 2019, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein.

54. Deckers is the owner by assignment of all rights, title and interest in and to the '941 Patent. Deckers has marked substantially all footwear products embodying the design of the '941 Patent with "Patent # D866,941", and/or via virtual patent marking on a product label in compliance with 35 U.S.C. § 287, putting Defendants on notice of the '941 Patent.

55. Defendants have produced, imported into the U.S., distributed, advertised, marketed, offered for sale, and/or sold within the United States the Accused Products which bear a design substantially similar to the ornamental design of the '941 Patent, in violation of 35 U.S.C. § 271.

56. Deckers has not granted a license or given Defendants any form of permission to the '941 Patent and Defendants' infringement of the '941 Patent is without Deckers' permission or authority and in total disregard of Deckers' intellectual property rights.

57. As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Deckers is entitled to recover all damages sustained on account of Defendants' infringement, and all gains, profits and advantages obtained by Defendants under 35 U.S.C. §§ 284 and 289.

58. Upon information and belief, Defendants' infringing acts were willful, deliberate, and taken in reckless disregard of the '941 Patent despite having been put on

notice through Deckers' pending patent marking. Defendants took these actions knowing the objectively high likelihood that such actions constituted infringement of the '941 Patent. As Defendants' willful acts render this an exceptional case, Deckers is entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

59. Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the harm caused by Defendants' infringement of the '941 Patent, which is ongoing. Accordingly, Deckers is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendants from continuing to infringe the '941 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendants ASOS.com Limited; ASOS US, Inc.; River Island Clothing Co. Limited; River Island Holdings Limited, and DOES 1-10 as follows:

1. A judgment that Defendants infringed Deckers' Fluff Yeah Trade Dress and U.S. Pat. Nos. D866,941;

2. An order permanently enjoining and restraining Defendants, their agents, servants, employees, officers, associates, and all persons acting in concert with any of them from infringing Deckers' intellectual property at issue, including but not limited to infringing acts such as:

    a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical or confusingly similar design as Deckers' Fluff Yeah Trade Dress;

    b. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that infringe the '941 Patent;

    c. engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade,

including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

    d.    committing any other act which falsely represents or which has the effect of falsely representing goods and services of Defendants are licensed, authorized, offered, produced, sponsored, or in any other way associated with Deckers;

3. An order requiring Defendants to recall from any distributors and retailers and to deliver to Deckers for destruction any Accused Products, including the means of making such products;

4. An order requiring Defendants to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth the manner in which Defendants complied with the injunction;

5. An order for an accounting of all gains, profits and advantages derived by Defendants on account of the unlawful acts complained of herein pursuant to 15 U.S.C. § 1117(a), Cal. Bus. & Prof. Code, § 17200 *et. seq.*, and any other applicable federal statute or California state and common law;

6. An award of damages equal to Defendants' profits and all damages sustained by Deckers as a result of Defendants' wrongful acts;

7. An award of damages equal to treble Defendants' profits or Deckers' damages, whichever is greater, on account of Defendants' willful infringement;

8. An award of punitive damages and Deckers' costs, attorneys' fees, and interest as allowed under all applicable federal statutes and California state laws; and

9. All other relief that the Court may deem just and proper.

Dated: April 8, 2024  **BLAKELY LAW GROUP**

By:   */s/ Jamie Fountain*
Brent H. Blakely
Jamie Fountain
**Attorneys for Plaintiff
Deckers Outdoor Corporation**

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this Civil Action.

Dated:	April 8, 2024	**BLAKELY LAW GROUP**

By:	*/s/ Jamie Fountain*
Brent H. Blakely
Jamie Fountain
**Attorneys for Plaintiff
Deckers Outdoor Corporation**